## REFORMATION OF MORTGAGE IN HANDS OF ASSIGNEE.

Circuit Court of Cuyahoga County.

ROBERT SCHOLL v. WALTER SOBRAY ET AL.

Decided, November 15, 1909.

*Mortgage may be Reformed in Hands of Assignee—Claim of Maker Against Payee of Negotiable Note Can Not be Set Off Against Holder in Due Course.*

1. A mortgage is not a negotiable instrument, though it secures one; hence a mortgage held by an assignee of it may be reformed, if the equities between the original parties to it authorize its reformation.

2. A claim of a maker of a promissory note against the payee can not be set off against a holder of the note in due course.

*Harry F. Payer*, for plaintiff in error. .

*H. C. Boyd, C. W. Dille* and *Kline, Tolles & Morley*, contra.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

The Goff-Kirby Coal Company appears in this proceeding by cross-petition in error, complaining of the judgment of the court below. The action in the court of common pleas was brought by the Goff-Kirby Coal Company against the defendants Walter

Sobray and Julia Sobray to obtain a judgment upon a promissory note given by said Sobrays to one Robert Scholl, and by Scholl assigned to the Goff-Kirby Coal Company, and also to foreclose a mortgage given by said parties to secure said note.

The promissory note in question was for the sum of $5,000 and dated November 12, 1907, due in one year after date, with interest at six per cent. per annum, and for a valuable consideration and without notice of the claims of the Sobrays, the Goff-Kirby Coal Company received this note from the said Robert Scholl, and became thereby a holder of the same in due course.

At the time of the commencement of this action the Sobrays had pending in the Court of Common Pleas of Cuyahoga County an action in which they sought to recover from Robert Scholl damages for failure properly to perform a building contract relating to the same property covered by the mortgage. By consent of all parties this action was consolidated with the action of the Goff-Kirby Coal Company, and the two causes were tried together. The issues between the Sobrays and Scholl were purely legal, and were tried to a jury, and subsequently the equitable issues, arising on the pleadings between the Sobrays and the Goff-Kirby Coal Company, were heard by the court on the same evidence submitted to the jury.

On the trial of the action to the jury, at the close of the evidence of the Sobrays, the court, on motion, entered a judgment for the Goff-Kirby Coal Company on said promissory note, it appearing undisputed in the evidence that that company was a holder in due course of said note, and entitled to said judgment. Subsequently the court held that notwithstanding this situation of the Goff-Kirby Coal Company, the Sobrays were entitled to have the mortgage securing said note reformed so as to make it (the mortgage) payable to said company in installments of $50 each per month until the whole should be paid. At the same time the court held that the Sobrays were entitled to have credited upon said mortgage the amount of the judgment which they had obtained against Robert Scholl, to-wit, $1,200, thereby reducing the claim of the Goff-Kirby Coal Company against the Sobrays on said mortgage by that amount.

Robert Scholl is here claiming that the $1,200 judgment against him should be reversed for errors in ruling on evidence as to the measure of damages and for want of sufficient evidence to sustain it.

The Goff-Kirby Coal Company is here claiming that the court erred in the following particulars:

"1.   In reforming the mortgage, and decreeing that the Goff-Kirby Coal Company should receive payments thereon at the rate of $50 per month.

"2.   In decreeing that the Sobrays should have credited upon said mortgage the sum of $1,200, being the amount of the judgment recovered by them against Robert Scholl for the breach of said building contract."

As to the judgment against Scholl we find no prejudicial error; the exceptions to questions regarding the "value" of the property and the "fair and reasonable value" of the property should have been sustained, but an examination of the record shows that the witness thereafter in each case explained his answers as meaning the "market value" of the property. This cured the previous error and made it harmless. Neither are we able to say that the jury was not right in finding that Scholl did not comply with his contract or that the amount of the damages, after remittitur entered in the common pleas court, is too great.

Nor do we find that the court was not warranted by the evidence in reforming the mortgage or that there was any error in law in reforming it in the hands of the assignee thereof. *Bailey* v. *Smith,* 14 Ohio St., 396.

However, manifestly the court had no authority to set off the $1,200 judgment of Sobray against Scholl against the mortgage security of the coal company. There was no connection between the claim of Sobray against Scholl for damages for breach of a building contract and the note and mortgage held by the coal company. The two actions never should have been consolidated. Had they proceeded separately, this error would not have occurred. The consent of parties to the consolidation and their conduct in trying the two cases together without ob-

jection, however, makes it impossible for this court to say that reversible error grew out of the consolidation. We have the right, however, to modify the judgment rendered by the trial court and we do modify it by striking out that part of the decree which allows a credit of $1,200 on the mortgage and finds that the conditions of the mortgage have been complied with and that the plaintiff is not entitled to foreclose the same, and by inserting a finding to the effect that the installment due March 1, 1908, and all subsequent installments are unpaid, fifteen of them for more than sixty days, whereby the conditions of the mortgage have been broken and the plaintiff is entitled to foreclose and ordering sale unless all over due installments are paid.

Judgment as modified is affirmed.